UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 14-60289-CV-BLOOM/VALLE

SADIKI LAWRENCE,

    Plaintiff,

    v.

VB PROJECT, LLC,
d/b/a COWBOYS SALOON,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant VB Project, LLC's Motion to Compel Production of Documents (ECF No. 76) ("Motion"), which has been referred to the undersigned by United States District Judge Beth Bloom. *See* (ECF No. 75). Having reviewed Defendant's Motion, Plaintiff's Response (ECF No. 78), and Defendant's Reply (ECF No. 80), and being duly advised in the premises, Defendant's Motion is **GRANTED** for the reasons set forth below.

**I.    BACKGROUND**

This case concerns Defendant's alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., by purportedly sending unsolicited cellular text messages to Plaintiff and others. *See* (ECF No. 49 at 1). On May 19, 2014, Defendant served its First Request for Production on Plaintiff. *See* (ECF No. 76-1 at 5). Plaintiff responded on June 23, 2014, producing certain documents in Microsoft Excel format. *Id.* at 9-11.

The next day, Defendant's paralegal emailed Plaintiff's paralegal, advising that Defendant could not open the Excel documents and asking Plaintiff to resend the documents in pdf. format. *Id.* at 15; *see also* (ECF No. 80-1 at 2-3). Plaintiff's paralegal responded that "I can do that," but said

he would "need a day or two to work that into [his] schedule." (ECF No. 76-1 at 14). Two days passed without any follow-up production from Plaintiff's paralegal.

Accordingly, on July 2, 2014, Defendant's paralegal sent another email to Plaintiff's paralegal asking for an update on the matter. *Id.* Plaintiff's paralegal responded the next day, explaining that he was "[w]orking on it." *Id.* at 13. Despite these assurances, Plaintiff's paralegal did not send any further documents to Defendant. Consequently, on July 22, 2014, Defendant's paralegal once again emailed Plaintiff's paralegal for an update. *Id.* When Plaintiff's paralegal did not respond, Defendant filed this Motion to compel production of the documents, and requesting the award of expenses in connection with filing the Motion.

## II.   DISCUSSION

Defendant moves to compel Plaintiff to produce the Excel documents in a format that it can open and use, such as pdf. or hard copy. In response, Plaintiff argues that Defendant's Motion should be denied because: (1) the Motion is untimely; (2) Defendant's counsel did not comply with the pre-filing conferral requirement; and (3) Plaintiff is not required to reformat the Excel documents for Defendant.

### A.  Defendant's Motion is Timely.

Under Local Rule 26.1(h)(1), a party must file a motion to compel "within thirty (30) days of the occurrence of grounds for the motion." S. D. Fla. L. R. 26.1(h)(1). A party may, however, file a motion to compel outside the 30-day window, provided the party shows "reasonable cause for a later filing." *Id.*

Plaintiff argues that the grounds for Defendant's Motion occurred on June 24, 2014, the date Defendant first discovered that it could not open the Excel documents. According to Plaintiff, Defendant had thirty days from that date, or until July 24, 2014, to file its Motion. The Court disagrees. On three separate occasions, Defendant's paralegal contacted Plaintiff's paralegal to

2

resolve the problem. Based on Plaintiff's paralegal's repeated representations that he was "working on it," Defendant waited for the documents to be produced. This constitutes reasonable cause for the filing of the Motion on August 15, 2014. Defendant's Motion, therefore, will be considered timely by the Court.

### B.  Defendant Complied with Local Rule 7.1's Conferral Requirement.

Plaintiff next argues that the Motion should be denied because Defendant's *counsel* did not confer with Plaintiff's *counsel* before filing the Motion. While Local Rule 7.1(a)(3) requires counsel to "meet and confer" in good faith before filing a motion to compel, the Rule gives the Court discretion to grant or deny a motion for failure to comply with the conferral requirement. *See* S. D. Fla. L. R. 7.1(a)(3) ("Failure to comply . . . *may* be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction . . . .") (emphasis added); *see also* Fed. R. Civ. P. 37(a)(1).

Under the facts of this case, the Court will not deny Defendant's Motion for failure to strictly comply with the conferral requirement. Although Defendant's counsel did not directly confer with Plaintiff's counsel before filing the Motion, the record reflects a give-and-take between Defendant's paralegal and Plaintiff's paralegal in a good faith effort to resolve the issue raised in the Motion. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 1297, 1299, n.3 (S.D. Fla. 2010) (explaining that Local Rule 7.1(a)(3) requires "a give-and-take exchange"). Because Defendant complied with the spirit, albeit perhaps not the letter, of Local Rule 7.1(a)(3), the Court will not deny Defendant's Motion on this ground. *See, e.g.*, *Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013) (Seltzer, Mag. J.) (declining to deny motion to compel due to counsel's violation of the conferral requirement because "he did meet the spirit and purpose" of the Rule).

### C. Plaintiff Has Not Fulfilled His Discovery Obligations.

Finally, Plaintiff argues that he has fulfilled his discovery obligations with respect to Defendant's First Request for Production, which he contends do not include reformatting the Excel documents for Defendant. In Plaintiff's view, his discovery obligations were satisfied once his paralegal emailed the Excel documents to Defendant's paralegal, despite the fact that Defendant's paralegal subsequently advised that she could not open the Excel documents.

While Plaintiff was entitled to produce the requested electronically stored information in the form "in which it is ordinarily maintained" under Federal Rule of Civil Procedure 34(b)(2)(E)(ii), Plaintiff's production of electronic documents that Defendant could not open is tantamount to a failure to produce. Moreover, it is not lost on the Court that simple courtesy could have resolved this dispute and avoided court involvement in this matter. Indeed, all that Plaintiff had to do was hit the "Print" button on its computer and then mail hard copies of the documents to Defendant.

Although the Court declines to award attorney's fees and expenses to Defendant at this time in connection with the filing of its Motion, both parties are now on notice that any future failure to strictly comply with all applicable rules and deadlines, including the deadlines in this Order, may lead to the imposition of sanctions, including the payment of attorney's fees.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

Plaintiff shall, **by close-of-business on September 19, 2014**, either: (a) produce the requested information in an electronic format that is readily accessible to Defendant; or (b) produce hard copies of the Excel documents to Defendant at Plaintiff's expense.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on September 12, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record